J-S69013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW VAUGHN PIERSON, | |
| Appellant | No. 574 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 1, 2017
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0003876-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED DECEMBER 12, 2018**

Appellant, Andrew Vaughn Pierson, appeals from the judgment of sentence of 7 to 14 years' incarceration, imposed after he pled guilty to two counts of burglary and one count of criminal trespass.  On appeal, Appellant seeks to challenge the discretionary aspects of his sentence.  Additionally, his counsel, Joshua M. Yohe, Esq., seeks to withdraw from representing Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

A detailed recitation of the facts underlying Appellant's convictions is not necessary to our disposition of his appeal.  We only briefly note that over the course of approximately three weeks in October and November of 2016,

Appellant burglarized two homes in Camp Hill, Pennsylvania, and stole several items. *See* N.T. Plea Proceeding, 6/27/17, at 2. Appellant also entered a third home without authorization. *Id.* at 3. He was subsequently arrested and charged with various crimes. Ultimately, Appellant pled guilty on June 27, 2017, to two counts of burglary and one count of criminal trespass. On August 1, 2017, the court sentenced him to two, consecutive terms of 3½ to 7 years' incarceration for each of his burglary convictions. The court also imposed a concurrent term of 1 to 4 years' incarceration for Appellant's criminal trespass offense. Thus, Appellant's aggregate sentence is 7 to 14 years' incarceration.

Appellant filed a timely motion for reconsideration of his sentence, which was denied by operation of law on March 7, 2018. He then filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, Appellant preserved the following, single issue for our review:

1. [The] [t]rial [c]ourt abused its discretion in running [Appellant's] sentences at Counts 1 and 2 consecutive to one another where the incidents giving rise to those charges occurred over approximately a two-week period, where no one was present at the time of any of the incidents pled to by [Appellant], and where [Appellant's] will was being overborne by an addiction to heroin.

Pa.R.A.P. 1925(b) Statement, 4/25/18, at 1.

On September 14, 2018, Attorney Yohe filed with this Court a petition to withdraw and an *Anders* brief, concluding that Appellant's sentencing claim

- 2 -

is frivolous, and that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked

by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Yohe's **Anders** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. Attorney Yohe also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Yohe states in his petition to withdraw that he has supplied Appellant with a copy of his **Anders** brief. Additionally, he attached to his petition to withdraw a letter directed to Appellant in which he informs Appellant of the rights enumerated in **Nischan**. Accordingly, Attorney Yohe has substantially complied with the technical requirements for withdrawal. To date, Appellant has not filed a response. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

We begin by recognizing that,

[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly

- 4 -

> preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***Commonwealth v. Evans****,* 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann****,* 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul****,* 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal, and he preserved his sentencing challenge in his post-sentence motion. Additionally, while Attorney Yohe did not include a Rule 2119(f) statement in his ***Anders*** brief, that is not an impediment to our review of Appellant's sentencing claim. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (noting that where counsel has filed an ***Anders*** brief, this Court can review the discretionary sentencing claim, even absent a separate Rule 2119(f) statement).

Next, we determine whether Appellant's claim constitutes a substantial question for our review. In concluding that it does not, Attorney Yohe cites to **Commonwealth v. Zirkle**, 107 A.3d 127 (Pa. Super. 2014). There, Zirkle burgled three separate homes on the same day, and was subsequently convicted, in two separate cases, of three counts each of burglary and criminal trespass, two counts of theft by unlawful taking, and single counts of criminal mischief, terroristic threats, and receiving stolen property. **Id.** at 129-30, 131. For these crimes, the court imposed consecutive sentences resulting in an "aggregate sentence of 205 months (seventeen years and one month) to 480 months' imprisonment." **Id.** at 131. Zirkle appealed, arguing "that the consecutive nature of his sentences render[ed] the aggregate sentence excessive[,]" especially considering that "the crimes happened in close temporal proximity to one another…." **Id.** at 133.

Bound by prior precedential decisions of this Court, we concluded that Zirkle failed to present a substantial question for our review, explaining:

> We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. **Commonwealth v. Lloyd**, 878 A.2d 867, 873 (Pa. Super. 2005) (citing **Commonwealth v. Hoag**, 445 Pa. Super. 455, 665 A.2d 1212, 1214 (1995)). Long standing precedent of this Court recognizes that 42 Pa.C.S.[] § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. **Commonwealth v. Marts**, 889 A.2d 608, 612 (Pa. Super. 2005) (citing **Commonwealth v. Graham**, 541 Pa. 173, 661 A.2d 1367, 1373 (1995)). A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding

the discretionary aspects of sentence. ***Lloyd***, 878 A.2d at 873. "We see no reason why [a defendant] should be afforded a 'volume discount' for his crimes by having all sentences run concurrently." ***Hoag***, 665 A.2d at 1214.

> ***Commonwealth v. Johnson***, 961 A.2d 877, 880 (Pa. Super. 2008) (citations modified).

However, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. ***Commonwealth v. Moury***, 992 A.2d 162, 171–72 (Pa. Super. 2010). When determining whether a substantial question has been raised, we have focused upon "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." [***Commonwealth v.***] ***Mastromarino***, 2 A.3d [581,] 588 [(Pa. Super. 2010)] (quoting ***Commonwealth v. Gonzalez–Dejusus***, 994 A.2d 595, 599 (Pa. Super. 2010)).

Here, the criminal conduct included three counts of burglary, three counts of criminal trespass, one count of criminal mischief, one count of terroristic threats, and two theft counts. While a seventeen-year-and-one-month minimum sentence may seem harsh at first blush, given the charges involved, it is not so manifestly excessive as to raise a substantial question. Additionally, that the crimes occurred in close proximity is not dispositive. Zirkle is not entitled to a "'volume discount' because the various crimes occurred in one continuous spree." This challenge does not raise a substantial question. ***Gonzalez–Dejusus***, 994 A.2d at 599. Zirkle has not raised a substantial question and we do not reach the merits of his appeal.

***Id.*** at 133-34 (footnote omitted).

In the present case, Appellant is likewise not entitled to a 'volume discount' for his two burglary offenses, although he committed them relatively close in time. While Appellant was not convicted of as many offenses as Zirkle, his aggregate sentence is substantially less than that which Zirkle received. Considering that Appellant burglarized two separate homes on different days,

and received a concurrent sentence for criminal trespass at a third residence, his aggregate sentence of 7 to 14 years' incarceration is not excessive on its face. Thus, in line with **Zirkle**, we conclude that Appellant has failed to raise a substantial question for our review.

Notwithstanding, we would reject Appellant's sentencing claim on its merits.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Zirkle**, 107 A.3d at 132 (quoting **Commonwealth v. Hoch**, 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation omitted)).

Here, we would discern no abuse of discretion in the trial court's decision to impose consecutive sentences. As the court explained in its Rule 1925(a) opinion,

> [f]or each of the felony one burglaries, [Appellant's] standard range guidelines were 35-45 months, due in part to [his] prior record classification as a Repeat Felon.[1] [Appellant] was initially charged with three felony one burglaries and one felony one attempted burglary, as well as numerous other crimes, for his actions between October 31, 2016 and November 22, 2016. As a result of a plea agreement with the Commonwealth, [Appellant] pled guilty as noted above, with no agreement as to the sentence. This court sentenced [Appellant] within the [standard] guideline ranges for each charge, although it chose to run only the burglary sentences consecutively to one another. [Appellant] pled guilty to burglarizing two separate residences, as well as criminal trespassing at a third; this court did not feel that his actions

justified a "two for one" deal at sentencing. [Appellant] has clearly not been rehabilitated by his prior sentences, most recently [having been] imprisoned for three to six years in a state correctional institution for a 2013 burglary conviction. As these crimes were separate actions with separate victims, this court felt that they deserved separate sentences. While there is no guarantee that this sentence will result in any rehabilitation of [Appellant], at a minimum it should ensure that [Appellant] is not free to burgle anyone else for the next seven years.

[1] [Appellant] had three felony one burglary adjudications from 2006, two felony one burglary convictions from 2010, a felony one burglary conviction from 2011, and another felony one burglary conviction from 2013, among several other convictions.

Trial Court Opinion, 4/27/18, at 2-3.

The court clearly considered the required statutory factors of the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs. *See* 42 Pa.C.S. § 9721(b). In deciding that consecutive sentences were appropriate, the court focused on the separate victims impacted by Appellant's conduct, his lengthy criminal history, the fact that he committed the present offenses shortly after being released from prison, his failure to rehabilitate during that previous incarceration, and the need to protect society. Given the court's reasoning, we would conclude that it did not abuse its discretion in imposing consecutive sentences.

Thus, we agree with Attorney Yohe that Appellant's sentencing claim is frivolous, and our independent review of the record reveals no other, non-frivolous issues that Appellant could raise herein. Accordingly, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2018